# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9199 | **DATE** | 3/5/2004 |
| **CASE TITLE** | Pasha Hunt-Golliday vs. Metropolitan Water Reclamation District, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of defendant Metropolitan Water Reclamation District to dismiss [24-1] is granted. Case is hereby dismissed. Motion of defendant Oliver Plunkett to dismiss [25-1] is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| | Docketing to mail notices. | | JXM | |
| ✓ | Mail AO 450 form. Mailed by MD. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/5/2004 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| PASHA HUNT-GOLLIDAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 9199 |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| METROPOLITAN WATER | ) | |
| RECLAMATION DISTRICT OF | ) | |
| GREATER CHICAGO and | ) | |
| OLIVER PLUNKETT | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAR 0 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Pasha Hunt-Golliday ("Hunt-Golliday") has filed a seven-count Second Amended Complaint against defendants, Metropolitan Water Reclamation District of Greater Chicago (the "District"), and Oliver Plunkett ("Plunkett"). Hunt-Golliday alleges that the District discriminated against her on the basis of her race and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (Count IV). She also alleges that the District violated Title VII by retaliating against her for filing an internal grievance (Counts II and III). Further, she alleges that the District deprived her of her property interest in her job without due process in violation of the Fourteenth Amendment (Count V). She also alleges intentional infliction of emotional distress against the District and Plunkett (Count VI). Finally, she alleges that the District wrongfully discharged her in violation of public policy (Count VII). The District and Plunkett move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil

36

Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated below, the court grants the District's motion and denies Plunkett's motion as moot.

## STANDARDS FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir.2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir.2002). Nevertheless, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim [nor does it] assign any weight to unsupported conclusions of law." *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir.1998) (internal citations and quotations omitted).

## FACTS

Hunt-Golliday is an African-American female and a resident of Chicago, Illinois. The District is a unit of local government within the City of Chicago and Cook County. Plunkett is an agent and employee of the District. (Second Am. Compl. ¶ 5, 6, 7.)

Hunt-Golliday began her employment with the District in 1987. (*Id.* ¶ 8.) In 1990, Hunt-Golliday obtained civil service status with the District as Fireman-Oiler. (*Id.*) On October 22, 1993, the District filed charges with the District's Civil Service Board (the "Board")

2

recommending that Hunt-Golliday be fired for her inability to perform the essential functions of her job without posing a threat to herself or others due to her physical and mental condition. *Hunt-Golliday* v. *Metropolitan Water Reclamation District of Greater Chicago*, No. 95 CH 9049, at *4 (Ill. App. 1st Dist. June 27, 2002)[1]. On August 16, 1995, the Board issued its findings and decision to discharge Hunt-Golliday from the classified service of the District, based upon evidence presented that her condition materially impaired her performance and could create a hazard to herself and other employees. *Id.* Hunt-Golliday then sought administrative review of the Board's decision in the Circuit Court of Cook County. On November 7, 1996, the circuit court reversed the decision of the Board, and Hunt-Golliday was reinstated to her employment and awarded backpay. *Id.*

In April, 2002, the District permitted Hunt-Golliday to take the Ironworker's examination, which she passed. The District then placed her on the eligibility list for an Ironworker position. (Sec. Amend. Compl. ¶ 9.)

Sometime before June 27, 2002, Hunt-Golliday filed a Title I and Title VII suit against the District. Plunkett was referenced in the body of the complaint. Subsequently, Plunkett made adverse comments on Hunt-Golliday's job evaluation that she contends were made in retaliation for having filed the earlier lawsuit. Hunt-Golliday filed an internal grievance with the Board against Plunkett as a result. (*Id.* ¶ 17.) The Board was to have completed its investigation and rendered a decision on the grievance in July, 2002, but it failed to do so. (*Id.* ¶ 18.) Hunt-Golliday alleges that the Board "thwarted and continue[d] to thwart" her efforts to obtain an

---

[1] A district court may take judicial notice of matters in the public record without converting a 12(b)(6) motion into a motion for summary judgment. *Henson* v. *CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

investigation and a ruling on her grievance. (*Id.* ¶ 18.) The grievance was pending on June 27, 2002. (*Id.* ¶ 17.)

On June 27, 2002, the Illinois Appellate Court issued an order reversing the decision of the circuit court and affirming the Board's 1995 discharge of Hunt-Golliday. *Hunt-Golliday*, No. 95 CH 9049, at *14. The same day, the District directed Plunkett to go to Hunt-Golliday's worksite, discharge her, and have her escorted off the premises by security. (Sec. Amend. Compl. ¶ 10.) Plunkett demanded that Hunt-Golliday return her job identification, boots, keys, and other District property. (*Id.* ¶ 35.) Plunkett carried out this act with the assistance of a security guard, whom he instructed to immediately escort Hunt-Golliday off the premises (*Id.* ¶ 35). During the duration of these termination activities, employees in the vicinity observed these proceedings. (*Id.* ¶ 36.) Hunt-Golliday alleges that she committed no offense and, prior to the discharge, safely performed the duties of her job. (*Id.* ¶ 38.) Hunt-Golliday alleges that Plunkett intended to inflict severe emotional distress upon her and that he acted with knowledge that the conduct had a "high probability of inflicting severe emotional distress" on her. (*Id.* ¶ 40.) As a result of the discharge, Hunt-Golliday suffered, and still suffers from, severe emotional distress. (*Id.* ¶ 41.)

On August 8, 2002, the Illinois Appellate Court granted Hunt-Golliday's motion for a stay of judgment pending exhaustion of her appellate remedies. Order of August 8, 2002. The District reinstated Hunt-Golliday and placed her on administrative leave. (Sec. Amend. Compl. ¶ 10.) On December 5, 2002, the Illinois Supreme Court denied Hunt-Golliday's petition for leave to appeal. On January 8, 2003, the Illinois Appellate Court ended the August 8, 2002, stay and rendered its final order upholding the Board's 1995 discharge of Hunt-Golliday. On January 13, 2003, the District officially discharged Hunt-Golliday. (*Id.*)

4

Hunt-Golliday alleges that the District discharged her because it regarded her as having a mental condition within the definition of the ADA. (*Id.* ¶ 11, 27.) The District did not discharge non-African-American employees whom the District regarded as having a mental condition within the definition of the ADA. (*Id.* ¶ 12.) Hunt-Golliday also alleges that the District discharged her because of her pursuit of an internal grievance. (*Id.* ¶ 19.) Finally, she alleges that the District removed her name from a list of those eligible for an Ironworker position, even after she passed the Ironworker exam, as a result of her pursuit of an internal grievance. (*Id.* ¶ 23-4.) Hunt-Golliday alleges that she "has suffered and continues to suffer emotional distress, mental anguish, embarrassment, humiliation, los[s] of opportunity for promotions and advancement, pecuniary and other non pecuniary losses." (*Id.* ¶ 15, 20, 25, 28, 33.)

## DISCUSSION

The District argues that Hunt-Golliday fails to state a claim for employment discrimination or retaliation under either Title VII or the ADA because she cannot demonstrate a *prima facie* case under the familiar *McDonnell Douglas* test. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, the *McDonnell Douglas* test is an evidentiary standard, not a pleading requirement that must be satisfied to defeat a 12(b)(6) motion. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 510-11 (2002). Generally, to state a claim for employment discrimination under Title VII or the ADA, all a plaintiff needs to allege is that she was fired or retaliated against because of her race or disability. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)("'I was turned down for a job because of my race' is all a complaint has to say."). Such an allegation is sufficient to put the defendant on notice of the plaintiff's claims. Hunt-Golliday has clearly satisfied this requirement.

Nevertheless, Hunt-Golliday fails to state a claim under Title VII or the ADA. While it is generally true that, in ruling on a motion to dismiss, the court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences from those facts in the plaintiff's favor, *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir.2002), the court need not accept as true allegations that are contradicted by judicially noticed facts. *In re Woodmar Realty Co.*, 294 F.2d 785 (7th Cir. 1961); *Garcia v. City of Chicago*, 91 C 5535, 1991 WL 289204, at *1 (N.D. Ill. Dec. 23, 1991); *see also* C.A. Wright and A. Miller, *Federal Practice and Procedure* §1363 at 464 (2d ed. 1990). Here, Hunt-Golliday's claims are contradicted by facts in the public record.

The Board discharged Hunt-Golliday in 1995 because it found that her physical and mental condition materially impaired her job performance and could have created a hazard to herself or others. The circuit court reversed the decision of the Board, and Hunt-Golliday was reinstated. However, on June 27, 2002, the Illinois Appellate Court reversed the decision of the circuit court and affirmed the earlier findings and decision of the Board, putting the 1995 discharge into effect. Thus, the decision to discharge Hunt-Golliday was made in 1995, not in 2002. Even if the District had discriminatory motives to discharge Hunt-Golliday in 2002, those motives could not have affected a decision that was made by the Board in 1995. Thus, Hunt-Golliday fails to state a claim under Title VII or the ADA.

Hunt-Golliday's allegation that she was denied procedural due process when she was "summarily discharged" fails for similar reasons. Hunt-Golliday challenged her 1995 discharge for seven years in state court. This all the process that she is due. Thus, the court dismisses Counts I-V.

The court declines to exercise supplemental jurisdiction over the remaining claims in the second amended complaint. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court dismissed all claims over which it has general jurisdiction."); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). As such, the court dismisses Counts VI and VII without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the District's motion to dismiss is granted (#24). Plunkett's motion to dismiss is denied as moot (#25).

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: March 4, 2004